UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JON THOMPSON, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. _____ |
| COLE INTERNATIONAL TUBULAR SERVICE, LLC D/B/A COLE ENTERPRISES INTERNATIONAL TUBULAR SERVICE | § | JURY TRIAL DEMANDED |
| *Defendant*. | § | |

## ORIGINAL COMPLAINT

Jon Thompson ("Plaintiff" or "Thompson") brings this action against Cole International Tubular Service, LLC d/b/a Cole Enterprises International Tubular Service ("Defendant" or "Cole"), seeking all available relief, including compensation, unpaid back wages, overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*.

## I.
## OVERVIEW

1. This action seeks to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*.

2. Plaintiff worked for Cole within the relevant statutes of limitations and was paid for some but not all hours worked, and was not paid any overtime.[1]

---
[1] Cole failed to pay Plaintiff Thompson for his last 24 hours of work.

3. Cole improperly classified Plaintiff as an independent contractor.

4. Although Plaintiff routinely worked in excess of forty (40) hours per workweek, Plaintiff was not paid overtime of at least one and one-half his regular rate for all hours worked in excess of forty (40) hours per workweek.

5. The decision by Cole not to pay overtime compensation (or for all hours worked) was neither reasonable nor in good faith.

6. Cole knowingly and deliberately failed to compensate Plaintiff for all hours worked and overtime of at least one and one-half his regular rate for all hours worked in excess of forty (40) hours per workweek.

7. Plaintiff did not perform work that meets the definition of exempt work under the FLSA or the PMWA.

8. Plaintiff therefore seeks to recover all unpaid wages and other damages owed under the FLSA, and to recover all unpaid overtime and other damages owed under the PMWA.

## II.
## THE PARTIES

9. Plaintiff Jon Thompson ("Thompson") worked for Cole during the relevant time period. Plaintiff Thompson was not paid for all hours worked nor did he receive overtime compensation for all hours worked in excess of forty (40) hours each workweek.

10. Cole International Tubular Service, LLC d/b/a Cole Enterprises International Tubular Service ("Cole") is a Texas limited liability company and may be served through its registered agent for service: **Samuel A. Cole, 1312 Live Oak St. #219, Houston, Texas 77003**.

## III.
## JURISDICTION & VENUE

11. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

12. This Court has supplemental jurisdiction over the additional Pennsylvania state law claims under 29 U.S.C. § 1367.

13. This Court has personal jurisdiction over Cole because the cause of action arose within this District as a result of Cole's conduct within this District.

14. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

15. Specifically, Cole is headquartered in The Woodlands, Montgomery County, Texas which is located in this District and Division.

16. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

17. Cole is an oilfield service company with its headquarters located in Conroe, Texas.[2]

18. Specifically, Cole provides its clients with connection solutions and employs Thread Representatives/Specialists like Plaintiff Thompson to inspect[3] and ensure certain pipe and casing connects properly while working at well sites/drillings location in the oilfield and offshore in the Gulf of Mexico.[4]

19. Cole has operations throughout the United States and the Gulf of Mexico.

---

[2] *See* https://coleenterprises.com.

[3] *See* https://coleenterprises.com/process/threaded-connections/.

[4] *See* https://coleenterprises.com/service/thread-rep/.

20. Plaintiff Thompson worked exclusively for Cole as a Thread Representative/Specialist from approximately February 2019 until August 2019.

21. Plaintiff Thompson worked for Cole as a Thread Representative/Specialist in Pennsylvania and West Virginia.

22. Cole paid Plaintiff Thompson by the hour.

23. Specifically, Plaintiff Thompson was initially paid $18.00 per hour.

24. Sixty (60) days later, Plaintiff Thompson was given a raise to $20.00 per hour plus a per diem of $40.00, but still did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

25. Cole also failed to pay Plaintiff Thompson at all for his last 24 hours of work.

26. As a Thread Representative/Specialist for Cole, Plaintiff Thompson's primary job duties included running pipe, inspecting pipe, and ensuring that pipe connections and casings were connected properly.

27. Although it is well-known that blue-collar oilfield workers like Plaintiff are **_not exempt_** from overtime, Cole did not pay Plaintiff the additional overtime premium required by the FLSA for hours worked in excess of forty (40) each workweek.

28. Plaintiff's primary job duties included performing daily checklists, assisting with the preparation of equipment, and performing other oilfield related functions on various job sites.

29. Plaintiff would conduct his day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by Cole and/or its clients.

30. Plaintiff's daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Cole and/or its clients.

31. Virtually every job function was pre-determined by Cole and/or its clients, including the tools to use at a job site, the schedule of work, and related work duties. Plaintiff was prohibited from varying his job duties outside of the predetermined parameters.

32. Moreover, Plaintiff's job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

33. Indeed, Plaintiff is a blue-collar oilfield worker. He relied on his hands, physical skills, and energy to perform manual and routine labor in the oilfield.

34. Cole determined the hours Plaintiff worked.

35. Cole set Plaintiff's rate of pay and controlled the number of hours Plaintiff worked.

36. Cole set all employment-related policies applicable to Plaintiff.

37. Cole maintained control over pricing and marketing. Cole also chose equipment and product suppliers.

38. Cole owned or controlled the equipment and supplies that Plaintiff used to perform Plaintiff's work.

39. Cole had the power to hire and fire Plaintiff.

40. Cole made all personnel and payroll decisions with respect to, including but not limited to, the decision to pay Plaintiff an hourly wage with no overtime pay, and the failure to pay Plaintiff Thompson for his last 24 hours of work.

41. Cole reimbursed Plaintiff for expenses and bought or provided tools and equipment Plaintiff Thompson used while on location. For example, Cole reimbursed Plaintiff Thompson for all mileage incurred on behalf of Cole and/or its clients.

42. Plaintiff did not employ his own workers nor was he allowed to employ his own workers.

43. Plaintiff worked continuously for Cole on a permanent full-time basis.

44. Cole, instead of Plaintiff, made the large capital investments in vehicles, buildings, equipment, tools, and supplies.

45. Moreover, Cole paid operating expenses like rent, payroll, marketing, insurance, and bills.

46. Plaintiff relied on Cole for his work.

47. Plaintiff did not market any business or services of his own.

48. Instead, Plaintiff worked the hours assigned by Cole, performed duties assigned by Cole, worked on projects assigned by Cole, and worked for the benefit of Cole and its customers.

49. Cole paid Plaintiff on a weekly basis.

50. Plaintiff did not earn a profit based on any business investment of his own.

51. Rather, Plaintiff's only earning opportunity was based on the number of hours he was allowed to work, which was controlled by Cole and/or its customers.

52. Cole improperly classified Plaintiff as an independent contractor.

53. The classification was improper because Plaintiff was not in business for himself.

54. Instead, he was economically dependent upon Cole for work.

55. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

56. Plaintiff Thompson regularly worked in excess of forty (40) hours per week but never received overtime compensation.

57. Accordingly, Cole's pay policies and practices blatantly violated the FLSA and the PMWA.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A. FLSA COVERAGE**

58. All previous paragraphs are incorporated as though fully set forth herein.

59. At all times hereinafter mentioned, Cole has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

60. At all times hereinafter mentioned, Cole has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

61. At all times hereinafter mentioned, Cole has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

62. During Plaintiff's employment with Cole, Plaintiff provided services for Cole that involved interstate commerce for purposes of the FLSA.

63. In performing the operations hereinabove described, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

64. Specifically, Plaintiff was a **_non-exempt_** employee who worked for Cole during the relevant statutes of limitation, and was engaged in oilfield services that were directly essential to the production of goods for Cole and related oil and gas companies. 29 U.S.C. § 203(j).

65. At all times hereinafter mentioned, Plaintiff was an individual employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

66. In violating the FLSA, Cole acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

67. All previous paragraphs are incorporated as though fully set forth herein.

68. Cole violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

69. Plaintiff has suffered damages and continues to suffer damages as a result of Cole's acts or omissions as described herein; though Cole is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

70. Moreover, Cole knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff overtime compensation. 29 U.S.C. § 255(a).

71. Cole knew or should have known its pay practices were in violation of the FLSA.

72. Cole is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

73. Plaintiff, on the other hand, is an unsophisticated laborer who trusted Cole to pay in accordance with the law.

74. The decision and practice by Cole to not pay overtime was neither reasonable nor in good faith.

75. Accordingly, Plaintiff is entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times his regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## COUNT TWO
### (Class Action Alleging Violations of the PWMA)

**A. PMWA COVERAGE**

76. All previous paragraphs are incorporated as though fully set forth herein.

77. At all times hereinafter mentioned, Cole has been an employer within the meaning of the PMWA, 43 P.S. § 333.103(f).

78. At all times hereinafter mentioned, Plaintiff Thompson has been an employee within the meaning of the PMWA, 43 P.S. § 333.103(g).

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE PWMA**

79. All previous paragraphs are incorporated as though fully set forth herein.

80. The PMWA requires that employees receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

81. Plaintiff Thompson was not exempt from receiving overtime benefits under the PMWA.

82. Plaintiff Thompson worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Cole violated the PMWA by failing to pay Plaintiff Thompson any overtime premium for hours worked over forty (40) per week.

83. Plaintiff Thompson has suffered damages and continues to suffer damages as a result of Cole's acts or omissions as described herein; though Cole is in possession and control of necessary

documents and information from which Plaintiff Thompson would be able to precisely calculate damages.

84. In violating the PMWA, Cole acted willfully, without a good faith basis and with reckless disregard of clearly applicable Pennsylvania law.

## VI.
## RELIEF SOUGHT

85. Plaintiff respectfully prays for judgment against Cole as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Cole liable for unpaid back wages due to Plaintiff, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

    b. For an Order pursuant to the PMWA awarding Plaintiff unpaid overtime and other damages allowed by law;

    c. For an Order awarding the costs and expenses of this action;

    d. For an Order awarding attorneys' fees;

    e. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    f. For an Order compelling the accounting of the books and records of Cole, at Cole's own expense;

    g. For an Order providing for injunctive relief prohibiting Cole from engaging in future violations of the FLSA and the PMWA, and requiring Cole to comply with such laws going forward; and

    h. For an Order granting such other and further relief as may be necessary and appropriate.

Date:   March 24, 2020                          Respectfully submitted,

                                              **ANDERSON ALEXANDER, PLLC**

                    By:     /s/ *Clif Alexander*
                              **Clif Alexander**
                              Federal I.D. No. 1138436
                              Texas Bar No. 24064805
                              clif@a2xlaw.com
                              **Austin W. Anderson**
                              Federal I.D. No. 777114
                              Texas Bar No. 24045189
                              austin@a2xlaw.com
                              **Lauren E. Braddy**
                              Federal I.D. No. 1122168
                              Texas Bar No. 24071993
                              lauren@a2xlaw.com
                              **Alan Clifton Gordon**
                              Federal I.D. No. 19259
                              Texas Bar No. 00793838
                              cgordon@a2xlaw.com
                              **Carter T. Hastings**
                              Federal I.D. No. 3101064
                              Texas Bar No. 24101879
                              carter@a2xlaw.com
                              **John D. Garcia**
                              Federal I.D. No. 3470124
                              Texas Bar No. 24096174
                              john@a2xlaw.com
                              819 N. Upper Broadway
                              Corpus Christi, Texas 78401
                              Telephone: (361) 452-1279
                              Facsimile: (361) 452-1284

                              ***Attorneys for Plaintiff Thompson***